IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-654-BO

| | |
|---|---|
| DELORIS PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 24]. A hearing on this matter was held in Raleigh, North Carolina on October 30, 2013 at 4:00 p.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On May 21, 2007, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. On December 13, 2007, plaintiff also protectively filed an application for supplemental security income payments under Title XVI of the Act. She alleged a disability onset date of July 1, 1999 and January 1, 2000. The claimant's application was denied initially and upon reconsideration. The plaintiff subsequently amended her alleged onset date to January 1, 2009, and voluntarily elected to withdraw her request for benefits under Title II. On March 30, 2010, plaintiff appeared and testified before an Administrative Law Judge ("ALJ"). On August 23, 2010 the ALJ issued his opinion that the plaintiff was not disabled. On August 10, 2012 the Appeals Council denied the claimant's

request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). After this matter was briefed, but before the hearing before this Court, on April 18, 2013, ALJ Robert Rideout found the plaintiff was disabled since September 21, 2010 in a fully favorable decision. Therefore this matter concerns a closed period between January 1, 2009 and September 20, 2010.

## MEDICAL HISTORY

The plaintiff allegedly suffers from sciatic nerve damage, right leg pain, left knee pain, and high blood pressure. [Tr. 165].

On July 26, 2007, state physician Shaunaz Daud, M.D., conducted a consultative examination ("CE") of plaintiff and noted that she had a slow gait and did not use or need an ambulatory device. Dr. Duad further noted that plaintiff was able to get on and off the table without help, had 5/5 muscle strength in her arms with full range of motion and 2+ reflexes, had no edema, varicosity, or abnormality in her lower extremities (although reportedly painful), had normal range of motion with knees, had 4/5 muscle strenfth in lower extremities with 2+ reflexes, had a "perfectly normal" spinal curvature at lumbosacral spine, and had normal sensations. [Tr. 211–12].

On October 13, 2008, state physician Gonzalo Fernandez, M.D., conducted a CE and determined that plaintiff could stand and walk two hours, and that she could frequently stoop, crouch, kneel, and crawl. [Tr. 224–25]. Dr. Fernandez further opined that plaintiff could sit up to four hours without breaks. *Id.*

On October 21, 2008, state physician, David Brown, M.D., provided a physical residual functional capacity (PRFC) assessment of plaintiff. [Tr. 227–33]. He concluded that the severity

2

of her impairments did not meet or equal any Listing, that plaintiff is capable of performing a range of medium exertional work, and that no postural manipulative, visual, communicative, or environmental limitations impeded plaintiff's functional abilities. *Id.*

On March 6, 2009, state physician, Dorothy Linster, M.D., provided another PRFC based on a reconsideration of plaintiff's claim, and noted that plaintiff's most recent examination in November 2008 indicated full range of motion and steady gait. [Tr. 242]. Based on the record, Dr. Linster concluded plaintiff is capable of performing a range of medium work, and that no postural, manipulative, communicative, or environmental limitations (except for exposure to hazards of machinery) limited plaintiff's functional abilities. [Tr. 234–41].

Plaintiff reported that she stopped working in 2003 because she moved. [Tr. 166]. Plaintiff also testified to, and the ALJ noted, work activity in 2008 and 2009 as a certified nurse assistant, or personal assistant for a home-health provider. [Tr. 28–30, 153]. In April and June 2009, plaintiff's physicians continued to recommend exercise and weight-loss while indicating no functional restrictions [Tr. 254–56]. Plaintiff testified that she routinely purchases and takes prescriptions for her diabetes medications, and that with medication her condition is under control. [Tr. 33].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th

3

Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

ALJ Trawley and ALJ Rideout differ in their opinions at step four of the sequential evaluation process. The disagreement between the two ALJs without a significant change in plaintiff's condition warrants remand in this case. ALJ Trawley found plaintiff had a RFC to perform sedentary work with limitations. [Tr. 13]. ALJ Rideout found plaintiff had the same RFC. [DE 30 at 7]. Both ALJs gave great significant weight to Dr. Fernandez's opinion. [Tr. 16;

4

DE 30 at 9]. However, the ALJs differed in their opinion as to whether plaintiff could perform her past relevant work as actually performed despite listing the past relevant work the same both in title and in performance level. *Id.*

The plaintiff also contends that ALJ Trawley erred by not mentioning the evaluation or medical opinion of Dr. Daud, and by failing to address the conflicts between his decision and the findings and opinions of the consultative examiners in this case. Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N.C. Sept. 29, 2005) (citing *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987)). Dr. Daud's opinion weighs against the decision of the ALJ here. It is not apparent to this Court that the ALJ's decision was supported by substantial evidence because he failed to discuss the conflicts between his decision and the evidence. The subsequent favorable decision by ALJ Rideout highlights the need for remand in this matter. Accordingly, the matter is remanded to the Commissioner for reconsideration in light of the conflict between the two ALJs and for a discussion of Dr. Daud's opinion and of the conflicts between the evidence and the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This  4  day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE